1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMUEL ANDERSON

11                Plaintiff,                    No. CIV S-10-2487 JAM GGH P

12          vs.

13   MATTHEW TATE, et. al.,

14                Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

26   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2          The court is required to screen complaints brought by prisoners seeking relief

3   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7   U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint must contain more than a "formulaic recitation of the elements of a

16  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18  "The pleading must contain something more...than...a statement of facts that merely creates a

19  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

21  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

22  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

23  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25         In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that he was illegally placed in administrative segregation and improperly found guilty at a disciplinary hearing and then there was a classification hearing that was presided by an improper party.  However, plaintiff does not describe his punishment or even how long he spent in administrative segregation and thus has failed to demonstrate an atypical and significant deprivation.  Plaintiff also names 15 defendants yet there are very few facts about many of the defendants.  Most importantly, after briefly reviewing plaintiff's 140 pages of exhibits, it appears that plaintiff was assessed 90 days of forfeiture of credits as a result of the disciplinary hearing, yet there is no indication that this disciplinary findings has been expunged or reversed.

Plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 28 days of service of this order.

In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not

1    been so invalidated is not cognizable under 1983.

2    Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983

3    concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

4    been invalidated, expunged or reversed.  Id.

5         The Supreme Court has extended the Heck bar to § 1983 suits that would negate

6    prison disciplinary proceedings that affect good-time credits.  Edwards v. Balisok, 520 U.S. 641,

7    648 (1997).  A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in

8    his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Id. at

9    646.  So, a "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief

10   sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

11   leading to conviction or internal prison proceedings ) – if success in that action would necessarily

12   demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74,

13   81-82 (2005).

14        Moreover, "[t]he requirements of procedural due process apply only to the

15   deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and

16   property."  Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  State statutes

17   and prison regulations may grant prisoners liberty interests sufficient to invoke due process

18   protections.  Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976).  However, the

19   Supreme Court has significantly limited the instances in which due process can be invoked.

20   Pursuant to Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a

21   liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a

22   change in confinement that imposes an "atypical and significant hardship ... in relation to the

23   ordinary incidents of prison life."  Id. at 484.

24        In this case, plaintiff has failed to establish a liberty interest protected by the

25   Constitution because he has not alleged, as he must under Sandin, facts related to the conditions

26   or consequences of his disciplinary hearings which show "the type of atypical, significant

4

1   deprivation [that] might conceivably create a liberty interest." Id. at 486.  For example, in

2   Sandin, the Supreme Court considered three factors in determining whether the plaintiff

3   possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus

4   discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement

5   and whether they amounted to a "major disruption in his environment" when compared to those

6   shared by prisoners in the general population; and (3) the possibility of whether the prisoner's

7   sentence was lengthened by his restricted custody.  Id. at 486-87.

8          To establish a due process violation, plaintiff must first show the deprivation

9   imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison

10  life.  Sandin, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the court

11  could find there were atypical and significant hardships imposed upon him as a result of

12  defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his

13  confinement that would give rise to a liberty interest before he can claim a violation of due

14  process.  Id. at 485.  Plaintiff has not; therefore, the court finds that plaintiff has failed to allege a

15  liberty interest, and thus, has failed to state a due process claim.

16         The Civil Rights Act under which this action was filed provides as follows:

17             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
18             deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
19             law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  omits to perform an act which he is legally required to do that causes the deprivation of which

26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1           Furthermore, supervisory personnel are generally not liable under § 1983 for the

2  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

3  defendant holds a supervisorial position, the causal link between him and the claimed

4  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

5  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

6  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

7  in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

8  Cir. 1982).

9           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

11  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

15  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

16  vague and conclusory allegations of official participation in civil rights violations are not

17  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

18           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

20  amended complaint be complete in itself without reference to any prior pleading.  This is

21  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

22  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

24  original complaint, each claim and the involvement of each defendant must be sufficiently

25  alleged.

26  \\\\\\

1          In accordance with the above, IT IS HEREBY ORDERED that:

2          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4    Plaintiff will not be assessed an initial filing fee.  All fees shall be collected and paid in

5    accordance with this court's order to the Director of the California Department of Corrections

6    and Rehabilitation filed concurrently herewith.

7          3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

8    to file an amended complaint within twenty-eight days from the date of service of this Order.

9    Failure to file an amended complaint will result in a recommendation that this action be

10   dismissed.

11   DATED: December 17, 2010

12

13                                        /s/ Gregory G. Hollows

14                                        _____
                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

15   GGH: AB
     ande2487.b

16

17

18

19

20

21

22

23

24

25

26