IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON

            Plaintiff,                        No. CIV S-10-2487 JAM GGH P

    vs.

MATTHEW TATE, et. al.,

            Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma paupers, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed and plaintiff filed an amended complaint on March 14, 2011.

        As stated before, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9   "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

13  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

16        In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

19  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

20  1843 (1969).

21         Plaintiff's original complaint alleged that his due process rights were violated as

22  he was illegally placed in administrative segregation after being improperly found guilty at a

23  disciplinary hearing.  However, plaintiff did not describe his punishment or even how long he

24  spent in administrative segregation and thus had failed to demonstrate an atypical and significant

25  deprivation.  Most importantly, after briefly reviewing plaintiff's 140 pages of exhibits, it

26  appeared that plaintiff was assessed 90 days of forfeiture of credits as a result of the disciplinary

1  hearing, yet there was no indication that this disciplinary finding has been expunged or reversed,

2  pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).  Plaintiff was instructed to

3  file an amended complaint to address these issues.

4         Plaintiff has filed an amended complaint that names approximately eighteen

5  defendants, but has failed to cure the deficiencies of the original complaint.  Plaintiff states that

6  he was placed in administrative segregation for nine months but does not even attempt to

7  describe any atypical or significant deprivation.  Instead, plaintiff provides additional detail

8  regarding the many RVR hearings and classification committee hearings, that demonstrate he

9  received a fair amount of due process.  Plaintiff has also not discussed if the disciplinary finding

10 was expunged or reversed so he could proceed with this action pursuant to Heck.[1]

11        Plaintiff did add some new claims and defendants, alleging that while in

12 administrative segregation several medical technicians did not give him his blood pressure

13 medication or eye drops for sixteen days.  Other than this statement, plaintiff does not describe

14 any medical problems resulting from not having this medication, nor is there any indication that

15 he suffered any adverse reaction.

16        A prisoner does not have a constitutional right to a particular classification status.

17 Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting Moody v. Daggett, 429

18 U.S. 78, 88 n. 9,  97 S.Ct. 274, 279 (1976), wherein, in a footnote, the Supreme Court explicitly

19 rejected a claim that "'prisoner classification and eligibility for rehabilitative programs in the

20 federal system' invoked due process protections").  Nor does administrative segregation from a

21 disciplinary action "in and of itself...implicate a protected liberty interest."  Serrano v. Francis,

22 345 F.3d 1071, 1078 (9th Cir. 2003, citing Sandin v. Connor, 515 U.S. 472, 486 115 S. Ct. 2293

23 (1995)).  Moreover, plaintiff has not stated any facts to indicate that the conditions of

24 administrative segregation constituted an "atypical and significant hardship on [him] in relation

25

26        [1] Plaintiff did not even address if he was assessed 90 days loss of credits as appeared in the
original complaint.

3

1   to the ordinary incidents of prison life." <u>Sandin</u>, <u>supra</u>, 515 U.S. at 484, 115 S. Ct. at 2300.[2]

2           To the extent plaintiff has attempted to raise new allegations of improper medical

3   care, he has failed to allege a constitutional violation.  In order to state a claim for violation of the

4   Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions

5   sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v.</u>

6   <u>Gamble</u>, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs

7   were objectively serious, and that defendants possessed a sufficiently culpable state of mind.

8   <u>Wilson v. Seiter</u>, 501 U.S. 294, 299, (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853 (9th Cir.

9   1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

10  <u>Hudson v. McMillian</u>, 503 U.S. 1, 4 (1992).

11          A serious medical need exists if the failure to treat a prisoner's condition could

12  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

13  that a prisoner has a serious need for medical treatment are the following:  the existence of an

14  injury that a reasonable doctor or patient would find important and worthy of comment or

15  treatment; the presence of a medical condition that significantly affects an individual's daily

16  activities; or the existence of chronic and substantial pain.  <u>See</u>, <u>e.g.</u>, <u>Wood v. Housewright</u>, 900

17  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198, 200-01

18  (9th Cir. 1989).  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled on other</u>

19

20          [2]  Even though the classification hearing was a disciplinary rather than non-disciplinary
    proceeding, plaintiff is not entitled post-<u>Sandin</u> to the procedural requisites identified by the Ninth
21  Circuit in <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1114 (9th Cir. 1986) for a disciplinary hearing
    resulting in Ad Seg placement.  <u>See</u> <u>Dunn v. Castro</u>, 621 F.3d 1196, 1203 (9th Cir. 2010),
22  recognizing abrogation of <u>Toussaint</u> by <u>Sandin</u>.  Thus, in <u>Sandin</u>, "the practice of looking to prison
    regulations to determine whether a liberty interest is invoked by an administrative segregation" was
23  abandoned in favor of "a return to examining the circumstances of confinement in determining
    whether a liberty interest is implicated." <u>Clement v. Dillard</u>, 1995 WL 463667 *1 (N.D. Cal. 1995)
24  citing <u>Sandin</u> [515 U.S. at 483-484, 115 S. C.t 2293], which looks to whether the placement
    "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
25  prison life."  The High Court has found that placement in a highly restrictive "supermax" Ohio
    prison did implicate a liberty interest, entitling prisoners to due process before placement there,
26  applying the <u>Sandin</u> standard.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 223-224, 125 S. Ct. 2384 (2005).
    Plaintiff though has not made any allegations in the instant case to implicate a liberty interest.

1    grounds, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

2           In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) the Supreme Court defined a very

3    strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

4    course, negligence is insufficient.  <u>Farmer</u>, 511 U.S. at 835.  However, even civil recklessness

5    (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

6    be known) is insufficient.  <u>Id</u>. at 836-37.  Neither is it sufficient that a reasonable person would

7    have known of the risk or that a defendant should have known of the risk.  <u>Id</u>. at 842.

8           It is nothing less than recklessness in the criminal sense-subjective

9    standard-disregard of a risk of harm of which the actor is actually aware.  <u>Id</u>. at 838-842.  "[T]he

10   official must both be aware of facts from which the inference could be drawn that a substantial

11   risk of serious harm exists, and he must also draw the inference."  <u>Id</u>. at 837.  Thus, a defendant

12   is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

13   by failing to take reasonable measures to abate it."  <u>Id</u>. at 847.  "[I]t is enough that the official

14   acted or failed to act despite his knowledge of a substantial risk of serious harm."  <u>Id</u>. at 842.  If

15   the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  <u>Id</u>. at 840-42.

16   However, obviousness per se will not impart knowledge as a matter of law.

17          Plaintiff has failed to demonstrate any due process violation regarding his

18   placement in administrative segregation and his attempt to add new claims of deliberate

19   indifference do not even remotely allege a constitutional violation.  Therefore, this action should

20   be dismissed.

21          In accordance with the above, IT IS HEREBY RECOMMENDED that the

22   amended complaint be dismissed and this case closed.

23          These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

5

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2011

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
ande2487.dis